### B. O. KEMPFER *vs.* JOHN FOGELBERG.

December 29, 1883.

**Contract— Evidence of Request and Promise.**—Evidence considered as being sufficient to justify a finding of a request by defendant that plaintiff do a certain thing, and a promise to pay for the same.

Appeal by defendant from a judgment of the district court for Otter Tail county, *McKelvy*, J., presiding. The decision on a former appeal in this case will be found in 30 Minn. 45.

*Baxter & Rawson*, for appellant.

*P. N. Smith*, for respondent.

DICKINSON, J. The defendant, being engaged in constructing a railroad, had men and teams in his employ. Rogers & Harris were subcontractors of the defendant, engaged in the same work with their men and teams. The plaintiff boarded the men in defendant's employ, and furnished stabling and feed for their teams, at the defendant's request, and also boarded the subcontractors, Rogers & Harris, with their men and teams, for a short time. This action is for the recovery of the alleged value and agreed price of the board of Rogers & Harris, with their men and teams. The court found as a fact that the board and stabling in controversy was furnished to and for the defendant; that it was of the value alleged by the plaintiff; and that the defendant agreed to pay for the same. The evidence of the plaintiff (none being offered on the part of the defendant) went to show

that the defendant requested plaintiff to board his men, a price per week and per day being agreed upon for the men and teams; that he told the plaintiff to put in his bill at the end of the month, and he (defendant) would pay it; that at the same time he stated to the plaintiff that Rogers & Harris had no place to go to until they should get into their camp; and that the plaintiff should board them until that time. This evidence is fairly susceptible of the construction which the court seems to have put upon it; that is, as a request and promise to pay, made with reference, not merely to the men and teams of the defendant, but as well to Rogers & Harris and their men and teams. This conclusion of fact is further supported by proof that the defendant afterwards stated to plaintiff that he had taken a chattel mortgage upon Rogers & Harris's property, and would get the money and pay him. This is sufficient to sustain the finding of the court, except as to the amount which the plaintiff is entitled to recover; as to such amount, it is enough that the plaintiff presented a statement of the account to the defendant, and that the latter made no objection on account of the sum charged; and that, although he denied his responsibility, he nevertheless promised to pay.

Judgment affirmed.